IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RAGHIB T. WAHEED                                                                 PLAINTIFF

V.                                              4:07CV00569JMM

CASH CALL, INC. and
FIRST BANK & TRUST                                                         DEFENDANTS

## ORDER

Pending are Defendants' motions to dismiss and compel arbitration. Plaintiff, acting pro se, has responded to the motion to dismiss, but has not responded to the motion to compel arbitration. For the reasons set forth below, the motion to compel arbitration is granted and the motion to dismiss is denied.

When a party moves to compel arbitration, the Court's role is to determine whether there is an agreement between those parties which commits the subject matter of the dispute to arbitration. *I.S. Joseph Co. v. Michigan Sugar Co.,* 803 F.2d 396, 399 (8th Cir.1986). The Court must examine arbitration agreements in the same light we examine any other contractual agreement. *See Perry v. Thomas,* 482 U.S. 483, 492 & n. 9, 107 S.Ct. 2520, 2526-27 & n. 9, 96 L.Ed.2d 426 (1987). The Federal Arbitration Act mandates that courts direct parties to arbitration on issues to which an arbitration agreement has been signed. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). There is a presumption of arbitrability if the governing agreement contains an arbitration clause. *See AT & T Tech. Inc. v. Communications Workers of America,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). "[A]rbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *IBEW, Local No. 4 v. KTVI-TV, Inc.,* 985 F.2d 415, 416 (8th Cir.1993)

(internal quotation and citation omitted).  Courts must resolve ambiguities as to the scope of an arbitration clause in favor of arbitration.  *See id.*  Nevertheless, neither state nor federal law confers a right of arbitration; the right must be found in a contract between the parties seeking to compel arbitration.  *See, e.g., Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University,* 489 U.S. 468, 474-75, 109 S.Ct. 1248, 1253-54, 103 L.Ed.2d 488 (1989).  A party who has not agreed to arbitrate a dispute cannot be forced to do so.  *ITT Hartford Life & Annuity Ins. Co. v. Amerishare Investors, Inc.*, 133 F.3d 664, 668 (8th Cir. 1998)(citing *AT & T Tech.,* 475 U.S. at 648, 106 S.Ct. at 1418)).

In this case, Plaintiff obtained a loan from the Defendants.  In doing so, Plaintiff signed a contract which included an arbitration clause.  The clause states, in pertinent part:

> Agreement to Arbitrate.  The parties agree that any Dispute, except as provided below, will be resolved by Arbitration. . . .
>
> Arbitration Defined. . . . A "Dispute" is any controversy or claim between [Plaintiff] and First Bank & Trust or the Holder of the Note.  The term Dispute is to be given its broadest possible meaning and included, without limitation, all claims or demands (whether past, present or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise) and regardless of the type of relief sought (i.e. money, injunctive relief or declaratory relief).  A Dispute includes, by way of example and without limitation, any claim based upon marketing or solicitations to obtain the loan and the handling of my account whether such Dispute is based on a federal or state constitution, statute, ordinance, regulation or common law, and including any issue concerning the validity, enforceability, or scope of this arbitration agreement.

(Def's Motion to Compel Arbitration and to Stay Proceedings, at p. 2).

In his Complaint, Plaintiff claims that he paid off his loan with Defendants after three months.  As he understood the loan agreement, Plaintiff believed he would not have to pay a "penalty" if he paid off the loan early.  However, Plaintiff claims the Defendants have called him "5 to 7 times daily since the loan was paid off, claiming that he owes three monthly payments,

causing emotional stress, mental anguish." (Complaint). Plaintiff's claims against the Defendants appear to fit squarely within the definition of "Dispute"in the arbitration clause. Therefore, the Court must compel the parties to arbitrate the Dispute. *See I.S. Joseph Co. v. Michigan Sugar Co.,* 803 F.2d 396, 399 (8th Cir.1986).

In conclusion, Defendants' Motion to Compel Arbitration and to Stay the Proceedings (Docket # 11) is GRANTED. The case will be stayed pending resolution of the arbitration proceedings. The parties are directed to provide the Court with a status report within thirty (30) days of completion of the arbitration. The Defendants' Motion to Dismiss (Docket # 13) is DENIED.

IT IS SO ORDERED this 30th day of July 2007.

                                                    James M. Moody
                                                    United States District Judge